**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KING CONEY,<br><br>Defendant. | CASE NO.: 4:21-cr-77 |

## ORDER

The Court **DENIES** Defendant's Motion for Reduction of Sentence/Compassionate Release Under 18 U.S.C § 3582(c)(1)(A), (doc. 79), and Defendant's Motion for Sentence Reduction Under 18 U.S.C § 3582(c)(1)(A), (doc. 93). As set forth by the Government in its Responses to Defendant's Motions, (docs. 84, 94), several reasons warrant the denial of these Motions. Defendant failed to exhaust his administrative remedies before seeking relief from the Court. Even if he had exhausted his administrative remedies, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Moreover, having considered the facts of this case, the Court finds that reduction of Defendant's sentence would contravene the factors set forth at 18 U.S.C. § 3553(a). The sentence he received remains necessary to achieve the statutory purposes of sentencing.

The Court also **DENIES** Defendant's motions requesting reduction of his sentence because of changes in the law. (Docs. 88, 90, 91.) As the Government explained in its Response, (doc. 92) it appears Defendant bases these Motions on the retroactive application of United States Sentencing Guideline Amendment 821 and purported unconstitutionality of 18 U.S.C. § 922(g)(3) as applied to unlawful users of marihuana. However, the application of Amendment 821 would

not lower Defendant's guideline range of imprisonment. In addition, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), not an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3).

**SO ORDERED**, this 23rd day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA